1

2

Brett E. Lewis (admitted *pro hac vice*)
Brett@iLawco.com
Roberto Ledesma (admitted *pro hac vice*)
Roberto@iLawco.com
**LEWIS & LIN LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

3

4

5

6

7

*Attorneys for Plaintiff Christopher Britt/Priviley LLC*

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

13

14

CHRISTOPHER BRITT/PRIVILEY LLC

Plaintiff,

Case No.: 2:21-cv-02084-MHB

15

16

17

vs.

CITADEL LLC and its related entity CE TM
HOLDINGS LLC,

**MEMORANDUM IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF**

18

Defendant.

19

20

21

22

Lewis & Lin LLC hereby submits this Memorandum in support of its motion to withdraw

as counsel for Plaintiff Christopher Britt/Priviley LLC due to his failure to pay his legal fees

and/or otherwise assist in the prosecution of this litigation.

23

24

**STATEMENT OF FACTS**

25

26

27

Lewis & Lin LLC ("Lewis & Lin") was retained by Plaintiff in November 2021.  As part

of Plaintiff's engagement letter, Plaintiff was responsible for paying a litigation retainer prior to

the filing of a Complaint in this action.  Subsequent to the filing of the Complaint with the clerk

28

of the Court, payment failed.  *See* Affirmation of Brett E. Lewis, Esq. in Support of Motion to Withdraw as Counsel for Plaintiff ("Lewis Affirmation") ¶ 2.

On December 8, 2021, before filing the Complaint, Lewis & Lin sent a PayPal invoice to Plaintiff, consisting of the full retainer and Court filing fees. On the same day, the firm received a PayPal notification that Plaintiff had paid the invoice.  On reliance of the PayPal notification of payment, counsel filed the Complaint electronically with the clerk of the Court. However, on December 13, 2021, Lewis & Lin received another PayPal notification that Plaintiff's payment had been declined by Plaintiff's bank. Lewis Affirmation ¶ 3.

When confronted with the PayPal notification, Plaintiff indicated that the payment issue was the result of a mistake, and that the mistake would be corrected before PayPal ran the payment a second time.  On December 20, 2021, Lewis & Lin received a PayPal notification that Plaintiff's December 8 payment had failed again. Lewis & Lin has reached out to Plaintiff numerous times, both before and after December 20, 2021, regarding Plaintiff's failure to pay the required litigation retainer.  Plaintiff has not responded to any phone calls, emails or text messages concerning non-payment since before December 20.  Lewis Affirmation ¶¶ 4–6.

On December 29, 2021, counsel informed Plaintiff that if the retainer was not paid promptly, that Lewis & Lin would regrettably be forced to withdraw as counsel.  As to today, we received no response to that email.  Counsel has since called, texted, and emailed Plaintiff the same message multiple times in an effort to avoid having to petition to withdraw as counsel, with no response. Lewis Affirmation ¶ 7.

## ARGUMENT

Pursuant to Local Civil Rule 83.3(a) of the District of Arizona, counsel may move this Court for withdrawal and withdraw from representation upon the Court's written order. L. Civ. R. 83.3. Also, Arizona Rule of Professional Conduct 1.16(b)(5) provides that "a lawyer may withdraw from representing a client if ... the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer

will withdraw unless the obligation is fulfilled." *See Brown v. City of Glendale*, No. CV-18-01267-PHX-DWL, 2019 WL 3969901, at *3 (D. Ariz. Aug. 22, 2019) (recognizing that the client's failure to pay legal fees may constitute good cause to permit an attorney's withdrawal). Similarly, the failure of a client to cooperate with counsel in the course of an action by, among other things, failing to communicate with counsel, also constitutes an adequate basis upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client. *Id.* (finding that the counsel had articulated legitimate reasons to withdraw by showing conflicts arising from non-payments and giving timely notice of withdrawal to the client).

The declaration of Brett E. Lewis, Esq, dated January 18, 2022, certifies that Plaintiff has not paid his litigation retainer, despite numerous requests and warnings that the failure to pay would result in counsel's withdrawal, and has failed to cooperate or communicate with counsel. The notification of payment from Paypal on December 8, 2021 provided a false assurance that payment had been made, when it had not.  Counsel would not have filed papers with this Court had it known that payment of its retainer fee had not been made.  Whatever the mistake or issue with payment, it has not been rectified in over a month, and Plaintiff has not responded to communications from counsel in over three weeks.  Considering the procedural posture of the case that the defendant has not answered, and the fact that the undersigned is not asserting a retaining lien, there is no significant prejudice to either party.

## CONCLUSION

For all the reasons stated herein, the motion should be granted.

Dated: Brooklyn, New York
   January 18, 2022

        LEWIS & LIN, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Brett E. Lewis*_____
Brett E. Lewis, Esq.
77 Sands Street, 6th Floor,
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: brett@iLawco.com

*Counsel for Plaintiff*