**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Britt/Priviley LLC, | No. CV-21-02084-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Citadel LLC, | |
| Defendant. | |

On March 14, 2022, the Court ordered Plaintiff Christopher Britt, whose counsel had just withdrawn, to "file with the Court an update addressing the overall status of the case" by March 28, 2022. (Doc. 17.) The order further stated that "Plaintiff Priviley LLC, to the extent it wishes to continue litigating this action, shall, by March 28, 2022, retain new counsel and have its new counsel file a notice of appearance on the docket." (*Id.*) Plaintiffs were warned that "[f]ailure to comply may result in dismissal without further notice." (*Id.*)

As of today, Plaintiff Christopher Britt has not filed a status update, and no notice of appearance of newly retained counsel for Plaintiff Priviley LLC has been filed.

It is well established that, under Rule 41(b) of the Federal Rules of Civil Procedure (as well as pursuant to the Court's inherent authority), a district court has authority to dismiss an action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute);

*Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether Plaintiffs' violation of a court order warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiffs' failure to respond to the Court's order (Doc. 17) prevents the case from proceeding in the foreseeable future. Indeed, Priviley LLC cannot litigate in federal court without counsel. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Given Plaintiffs' failure to respond to the order, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to comply with court orders operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." Here, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Court will therefore dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

…

**IT IS ORDERED** that this action is dismissed without prejudice. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 31st day of March, 2022.

Dominic W. Lanza
United States District Judge